Honorable Richard M. "Dick" Soash Honorable Martin Hatcher Honorable Paul Sandoval State Senators Senate Chamber State Capitol Denver, Colorado 80203
Dear Senators:
This letter is in response to your request for an opinion on the application of the unlawful financial assistance sections of the Liquor Code and the Beer Code (C.R.S. 1973, 12-47-129 and 12-46-113) to the extension of credit by a wholesaler to a licensed retailer.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
1. Whether, pursuant to C.R.S. 1972, 12-47-129 and 12-46-113, wholesalers are precluded from selling beer or liquor on a credit basis to licensed retailers?
My conclusion is "no."
ANALYSIS
These provisions of the Liquor Code and the Beer Code prohibit a wholesaler from being interested financially, directly or indirectly, in the business of a licensed retailer. These provisions further prohibit a wholesaler from loaning, in any manner, directly or indirectly, any financial assistance to a retailer.
The unlawful financial assistance statute would appear to be sufficiently broad to prohibit the extension of credit by a wholesaler to a retailer. However, the express intent of these statutes is to prevent the control of retail stores by persons other than the licensee, as set forth in C.R.S. 1973, 12-47-129(9) and 12-46-113(7). These provisions are substantively identical. C.R.S. 1973, 12-47-129(9) is set forth for reference:
 This section is intended to prohibit and prevent the control of outlets for the sale of alcoholic beverages by any persons or parties other than the persons licensed pursuant to the provisions of this article.
In interpreting the unlawful financial assistance provisions in the context of a credit sale from a wholesaler to a retailer, the leading Colorado case is Majestic Marketing Company v.Anderson Enterprises of Colorado, Inc., 32 Colo. App. 369,511 P.2d 943 (1973). The facts therein involved ongoing sales from the wholesaler, Majestic Marketing, to the retailer, Anderson Enterprises. The retailer fell behind in its payments and the result was a six month note extending the credit. The retailer subsequently defaulted and the wholesaler brought suit.
The Colorado Court of Appeals determined that the ongoing credit sales were for thirty days only, and that the six month note was an extension of such credit. The court further found that there was no attempt by the wholesaler to control the retailer:
 Extension of credit unaccompanied with control or attempt to control is not unlawful under the Colorado liquor law. . . .
 The failure of the debtor to pay the obligation when due did not convert a lawful transaction into an unlawful one, nor did the execution and acceptance of the note. The trial court found that the plaintiff (the wholesaler) made no effort to control the defendants' (the retailers') operation in any way and specifically that acceptance of the note was not conditioned upon any further purchases from plaintiff (wholesaler). These findings are supported by the record and will not be disturbed.
(32 Colo. App. at 371-372, 511 P.2d at 944).
Thus, the court determined that ongoing credit sales by a wholesaler to a retailer are not inherently a violation of the unlawful financial assistance provisions.
SUMMARY
Therefore, it is our opinion that unless credit is extended by a wholesaler to a retailer in an attempt to gain control of the retailer, the practice of credit sales does not constitute a violation of C.R.S. 1973, 12-47-129 or 12-46-113. This is presently the enforcement policy of the Department of Revenue. The Majestic Marketing Company, supra, case and this opinion should be read narrowly in the context of the limited fact situation being addressed.
I hope this response will be of assistance to you.
Very truly yours,
 J.D. MacFARLANE Attorney General
ALCOHOLIC BEVERAGES SALES PRACTICES
C.R.S. 1973, 12-47-129(9) C.R.S. 1973, 12-46-113
REVENUE, DEPT. OF LEGISLATIVE BRANCH Senate
Credit sales between a liquor wholesaler and retailer are not prohibited by the Liquor Code, unless credit is extended by the wholesaler in an attempt to gain financial control of the retailer.